**Maria C. RAMIREZ, Plaintiff—Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant—Appellee.**

No. 01–16772.

D.C. No. CV–01–00294–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Decided June 27, 2002.

Before SCHROEDER, Chief Judge, D.W. NELSON and REINHARDT, Circuit Judges.

MEMORANDUM \*

Maria Ramirez appeals from the district court's judgment in favor of State Farm Mutual Automobile Insurance Company. The district court held that there was no coverage under the State Farm policy issued to Mallory Shure.

Shure had rented the car involved in the accident and loaned it to the driver, Paul Roach. The rental contract stated that no other drivers were permitted. Ramirez was injured when Roach struck her with the rental car and she obtained a default judgment against him. Ramirez then sued State Farm in an attempt to recover the judgment.

Ramirez first contends that the district court erred in holding that the rental car was not a "temporary substitute car" covered by the policy. A "temporary substitute car" as defined in the policy is a car replacing a car that is unable to be used. This rental car was intended to be an additional car to serve the convenience of the renter. It was not a "temporary substitute car" within the meaning of the policy. *See State Farm Mut. Auto. Ins. Co. v. O'Brien,* 14 Cal.3d 96, 98–99, 120 Cal.Rptr. 692, 534 P.2d 388 (1975) (holding that driver's decision to use alternate vehicle to avoid inconvenience of stopping at gas station did not render vehicle temporary substitute).

Ramirez next contends that the district court should have concluded that there was coverage under the provisions of the policy insuring use of a "non-owned car." The policy, however, covers only use of a non-owned car by an insured. Under the

terms of the policy, Roach was not an insured.

Ramirez relies on California Insurance Code § 11580.1(b)(4) that requires insurance policies to provide coverage to persons who use an owned or leased vehicle with the permission of the insured. This vehicle was not owned by the insured. In addition, it was not a "leased vehicle" within the meaning of the Insurance Code, because California law defines a leased vehicle as one rented "under a contract for a period of six months or longer." Cal. Ins.Code § 11580.06(i). This was a short term rental.

Finally, Ramirez argues that the policy should cover Roach because he should be considered a user driving with the permission of the owner, the rental company. The use by Roach, however, was not within any use contemplated by the owner in this case. The contract prohibited the use of the vehicle by anyone other than the person who rented the vehicle, and we have recognized the enforceability of such a provision, especially where the use was by one not legally authorized to drive a car. *See Baker v. Liberty Mutual,* 143 F.3d 1260, 1265 (9th Cir.1998). In *Baker,* the driver was underage, and here Roach lacked a driver's license.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.